STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RUBIN CARTER AND JOHN ARTIS, DEFENDANTS-AP-PELLANTS.

Superior Court of New Jersey
Appellate Division

Argued July 19, 1976—Decided September 3, 1976.

Before Judges MILMED and ARD.

*Mr. Elliot G. Sagor,* of the New York Bar, submitted a supplemental letter memorandum on behalf of appellants (*Messrs. Busch & Busch,* attorneys for appellant Rubin Carter; *Mr. Jeffrey E. Fogel,* attorney for appellant John Artis).

*Ms. Annamay T. Sheppard* submitted a supplemental letter memorandum on behalf of *amicus curiae* ACLU of New Jersey, Inc. (*Ms. Sheppard* and *Mr. Frank Askin,* attorneys).

No supplemental memorandum was submitted on behalf of respondent.

PER CURIAM. In an earlier opinion reported at 143 *N. J. Super.* 405 (App. Div. 1976), we reversed the parts of the trial court's amended order of May 20, 1976 which imposed certain restraints on public comment on this case by "defendants, all attorneys, associates of the attorneys preparing this case for trial, agents, servants and employees." We remanded the matter to the trial court "for a new hearing and for specific findings of fact and conclusions of law and the entry of an order consistent therewith." At that time we pointed out, among other things, that "before valid prior restraints such as" those imposed by the trial court "may issue, it must first appear from specific findings that there is a reasonable likelihood of prejudicial pretrial publicity which would make difficult the impaneling of an impartial jury and tend to prevent a fair trial." We stressed that "If a prior restraint is deemed necessary, it is incumbent upon the trial judge to make adequate findings of fact and to express explicitly the reasons for his decision to impose the restraints."

Pursuant to the remand the trial judge conducted a hearing at which he heard argument of counsel and admitted certain exhibits in evidence. He then filed his "Opinion and Amended Order" in which he concluded that he

\* \* \* will not outline then specific restraints upon the defendants, as previously directed, but will direct that no extrajudicial statements be made by any parties that may be considered violative of the New Jersey Court Rules. Sensibly, this should include any statements relative to the merits of the case, and it is so ORDERED.

■■ We reverse. The parties are, without the necessity of an order, bound by the rules of court applicable to them. Beyond this, the prior restraint on statements relative to the merits of the case is not bottomed, as required, on any specific finding that there is a reasonable likelihood of prejudicial pretrial publicity which would make difficult the impaneling of an impartial jury and tend to prevent a fair trial. *United States v. Tijerina,* 412 *F.* 2d 661, 666 (10 Cir. 1969), *cert.* den. 396 *U. S.* 990, 90 *S. Ct.* 478, 24 *L. Ed.* 2d 452 (1969). And see, *Sheppard v. Maxwell,* 384 *U. S.* 333, 363, 86 *S. Ct.* 1507, 16 *L. Ed.* 2d 600, 620 (1966). On the contrary, after reviewing the "two albums of news clippings marked in evidence," the trial judge commented, "There do not appear to this Court to be any articles reflecting what could be determined to be prejudicial remarks by either defendant subsequent to the date of their release." He noted that defendants had been bound by the March 26, 1976 order of the trial court.

Our reversal is, of course, without prejudice to application to the trial court for a protective order by any of the parties upon a showing that the requisite criteria therefor have been met.